UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.J. MCELROY,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAM,<br><br>        Defendant. | Case No. 17-cv-03348-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR CONTINUANCE** |

Plaintiff has filed a motion for appointment of counsel to represent him in this action. Dkt. 21 at 1. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendant Adam has filed a dispositive motion

such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendant Adam's dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

Also before the Court is Plaintiff's motion for a continuation "to re-familiarize with the case subject, court orders, motion practice toward full prosecution proper to this case." Dkt. 21 at 1. Plaintiff explains that he has been suffering from the flu since the Court issued its February 23, 2018 Order. *Id.* However, no such continuation is necessary at this time because Petitioner has no immediate pending deadlines. Therefore, his motion for a continuation is DENIED as unnecessary.

Finally, the record shows that Deputy Attorney General Craig Modlin, who represents Defendant Adam, has waived service of the summons by submitting the waiver form on April 11, 2018. Dkt. 23. Defendant Adam is reminded to file an answer to the complaint no later than **May 1, 2018**. Thereafter, Defendant Adam shall file a motion for summary judgment, or other dispositive motion, no later than **July 2, 2018**. If Defendant Adam is of the opinion that this case cannot be resolved by summary judgment, Defendant Adam shall so inform the Court prior to the date the summary judgment motion is due. If Defendant Adam files a dispositive motion, Plaintiff shall file an opposition, or notice of non-opposition, within **twenty-eight (28) days** of receiving Defendant Adam's dispositive motion. Defendant Adam shall file a reply to any opposition within **fourteen (14) days** thereafter.

This Order terminates Docket no. 21.

IT IS SO ORDERED.

Dated: April 27, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge