UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E.J. MCELROY,

   Plaintiff,

v.

NANCY ADAM, et al.,

   Defendants.

Case No. 17-cv-03348-YGR (PR)

**ORDER DENYING PLAINTIFF'S FIRST REQUEST FOR PRELIMINARY INJUNCTION AND TRO; DENYING HIS REQUESTS FOR APPOINTMENT OF COUNSEL; GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT; AND DIRECTING DEFENDANTS TO FILE RESPONSE TO SECOND REQUEST FOR PRELIMINARY INJUNCTION AND REPLY TO OPPOSITION**

## I. INTRODUCTION

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"). It seems that Plaintiff claims that he was not provided with adequate medical and dental care at PBSP.

Before the Court are Plaintiff's requests for appointment of counsel (dkts. 38, 44), and his two motions which are construed as requests for a preliminary injunction and temporary restraining order ("TRO"), entitled as follows: "Motion for Specific Conduct Orders Along the Lines of Grievance Log #'s Along With Notice/Motion for Summary Judgment and/or Ex Parte Medical Injunction Accord Stipulation" (hereinafter "First Request for Preliminary Injunction and TRO") (dkt. 29); and "Motion for TRO Until There Can Be Permanent Enjoining of Department Regulations in 'Good Order/Conduct' – Order of Injunctive Relief – in Two Part with Effective Assistance of [Familiar] Counsel . . . ." (hereinafter "Second Request for Preliminary Injunction and TRO") (dkt. 37). Also before the Court are Defendants' motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice (dkt. 43), and their motion for an extension of time to file their motion for summary judgment (dkt. 45). The Court notes that Plaintiff filed an opposition to the motion to revoke (albeit late), but Defendants did not file a reply, and therefore that motion is currently not yet submitted. In any event, the Court directs Defendants to file a reply addressing whether Plaintiff meets the imminent danger exception to section 1915(g).

## II. DISCUSSION

### A. Plaintiff's Requests for Appointment of Counsel

First, Plaintiff requests for appointment of counsel are DENIED without prejudice for lack of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The decision to request counsel to represent an indigent litigant under section 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (9th Cir. 1997). Appointment of counsel for a *pro se* prisoner is not required, even if the prisoner's ability to prepare has been limited. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (upholding denial of appointment of counsel at trial, despite fact that plaintiff's ability to prepare for trial limited by pain from surgery). The Court notes that Plaintiff's first motion was previously denied. *See* Dkt. 26. Plaintiff's previous request for appointment of counsel contained the same factual basis for appointment of counsel as the current requests. *Compare* Dkt. 21 *with* Dkts. 38, 44. The Court finds that Plaintiff has not presented any changed circumstances which would warrant the Court to appoint counsel at this time.

### B. Plaintiff's Requests for Preliminary Injunction and TRO

Second, as mentioned, Plaintiff has filed two requests for a preliminary injunction and TRO. Dkts. 29, 37. The Court first points out that Plaintiff's motions are difficult to decipher, but, at this stage in the proceedings, the Court construes them as requests for a preliminary injunction and TRO. The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of the court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998). Section 3626(a)(2) applies specifically to preliminary injunctive relief. *See* 18 U.S.C. § 3626(a)(2). In civil actions with respect to prison conditions, it permits the court to enter a temporary restraining order or preliminary injunction "to the extent otherwise authorized by law" but also requires that such an

order "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court has reviewed both requests, and it finds that Plaintiff's First Request for Preliminary Injunction and TRO is more difficult to decipher than his second request. In addition, Plaintiff's First Request for Preliminary Injunction and TRO seems to address grievances and possible exhaustion issues. Plaintiff has filed a document entitled, "Supplemental Motion in Full Support and Attachment for Satisfaction" (dkt. 30), in which he requests to file numerous grievances as exhibits in support of his First Request for Preliminary Injunction. At this time, however, the action is at an early stage and no motion has been filed addressing whether or not Plaintiff has exhausted his administrative remedies. Therefore, to the extent that the First Request for Preliminary Injunction and TRO addresses issues of exhaustion of his claims, that request is DENIED as unnecessary. Dkt. 29. In turn, Plaintiff's "Supplemental Motion in Full Support and Attachment for Satisfaction" is also DENIED as unnecessary as Plaintiff need not supplement his motion for exhibits related to exhaustion. Dkt. 30. Meanwhile, it seems that Plaintiff also claims that Defendants have "interfere[d] and cause[d] other injuries to injuries and [affected] medical orders that already exist," dkt. 29 at 1, thus to the extent that Plaintiff claims that he is being denied certain medical treatments, the Court notes that he has since filed a Second Request for Preliminary Injunction and TRO, which addresses more recent and specific denial of medical treatments. Thus, the Court finds that the First Request for Preliminary Injunction and TRO has been made moot by his Second Request for Preliminary Injunction and TRO. *Compare* Dkt. 29 *with* Dkt. 37. Thus, the Court DENIES without prejudice Plaintiff's First Request for Preliminary

3

Injunction and TRO because it has been made moot by his Second Request for Preliminary Injunction and TRO. Dkt. 29. The Court will not rule on Plaintiff's Second Request for Preliminary Injunction and TRO (dkt. 37) at this time. Instead, Defendants' counsel shall respond to the Second Request for Preliminary Injunction and TRO (dkt. 37), and the parties shall abide by the briefing schedule outlined below.

### C. Defendants' Motion for Extension of Time to File Motion for Summary Judgment

Defendants request for an extension of time to file their motion for summary judgment sixty days after the Court rules on the pending motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice. Such a request is GRANTED. Dkt. 45. If necessary, the parties shall abide by the briefing schedule outlined below.

## III. CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Plaintiff requests for appointment of counsel are DENIED without prejudice for lack of exceptional circumstances. Dkts. 38, 44.

2. To the extent that Plaintiff's First Request for Preliminary Injunction and TRO addresses issues of exhaustion of his claims, that request is DENIED as unnecessary. Dkt. 29. Thus, Plaintiff's "Supplemental Motion in Full Support and Attachment for Satisfaction" is also DENIED as unnecessary as Plaintiff need not supplement his motion for exhibits related to exhaustion. Dkt. 30. In addition, to the extent that Plaintiff refers to a denial of medical treatments, the Court DENIES without prejudice Plaintiff's First Request for Preliminary Injunction and TRO because it has been made moot by his Second Request for Preliminary Injunction and TRO. Dkt. 29.

3. The Court will not rule on Plaintiff's Second Request for Preliminary Injunction and TRO at this time. Instead, Defendants' counsel shall respond to the Second Request for Preliminary Injunction and TRO (dkt. 37), and the parties shall abide by the briefing schedule outlined below. As mentioned, Defendants shall also file a reply addressing whether Plaintiff is

4

1 entitled to the imminent danger exception.

2     4. Defendants shall file their reply and response to Plaintiff's Second Request for Preliminary Injunction and TRO (dkt. 37) no later than **twenty-eight (28) days** from the date of this Order. The response to the Plaintiff's Second Request for Preliminary Injunction and TRO shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff. Defendants are specifically directed to inform the Court of the medical care being offered to Plaintiff. Plaintiff may file a reply to Defendants' response within **twenty-eight (28) days** of the date the response is filed. Plaintiff's reply should be supported by factual documentation and should demonstrate why he satisfies the following standard:

    The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]" *Id.* at 22.

    5. The Court GRANTS Defendants' request for an extension of time to file their motion for summary judgment sixty days after the Court rules on the pending motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice. Dkt. 45. Defendant shall file the motion no later than **sixty (60) days** of the date of this Court's ruling on pending motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice, and only if that motion is denied and the case is not dismissed. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date that Defendant's motion is filed. Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

6. As explained above, the Court cannot rule on Defendants' pending motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice (dkt. 43) because Defendants' reply (including an explanation of whether Plaintiff is entitled to the imminent danger exception) is still outstanding.

7. This Order terminates Docket Nos. 29, 30, 38, 44, and 45.

IT IS SO ORDERED.

Dated: January 9, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge