UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E.J. MCELROY,
    Plaintiff,

v.

NANCY ADAM,
    Defendant.

Case No. 17-cv-03348-YGR (PR)

**ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR PRELIMINARY INJUNCTION AND TRO; AND TERMINATING AS MOOT DEFENDANT'S MOTION FOR AN EXTENSION FOR TIME**

Plaintiff, a state prisoner who is currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. It seems that Plaintiff claims that he was not provided with adequate medical and dental care by Defendant Dr. Nancy Adam at PBSP.

Before the Court is Plaintiff's Second Request for Preliminary Injunction and Temporary Restraining Order ("TRO").[1] Dkt. 37. In its January 9, 2019 Order, the Court noted that Plaintiff's Second Request for Preliminary Injunction and TRO was difficult to decipher, but it chose not to rule on that motion and, instead, it directed Defendant to respond to it. *See* Dkt. 49 at 3-5.

On February 4, 2019, Defendant filed a response, and on February 25, 2019, Plaintiff filed his reply to the response. Dkts. 50, 51.

In response, Defendant argues that Plaintiff has not satisfied his burden to demonstrate a need for a preliminary injunction or TRO, and states as follows:

> As noted above, Plaintiff's request for restraining order contains only a few references to Dr. Adam which all correlate to Plaintiff's treatment at Pelican Bay State Prison. (Docket No. 37, pages 4, 5 and 6 of 11.) As the Court has noted, Plaintiff is no longer at Pelican Bay State Prison where Dr. Adam is employed. (Docket No. 15.) His

---

[1] The Court denied without prejudice Plaintiff's First Request for Preliminary Injunction and TRO (dkt. 29) because it had been made moot by his Second Request for Preliminary Injunction and TRO (dkt. 37). *See* Dkt. 49 at 3-4.

> request for preliminary injunction and/or TRO does not indicate that he [sic] Dr. Adam is in any way responsible for his medical care at R.J. Donovan State Prison. Nowhere does Plaintiff describe irreparable harm that might occur to him if Dr. Adam is not enjoined or restrained by the Court. Plaintiff lists nine forms of relief in his request for preliminary injunction/TRO. (Docket No. 37 at 9-11.) All relate to current conditions or seek monetary damages. Only one, number 5, specifically relates to medical care. (Docket No. 37, 10:12-15). There, Plaintiff makes a vague demand that "Medical Defendants and their department are required to meet plaintiff effective medical care necessities 'promptly' in accord with Exhibit B also see Exhibit A." Plaintiff's request for current medical care cannot properly be the subject of a TRO or preliminary injunction directed to Dr. Adam at Pelican Bay State Prison. Regardless of the nature of Plaintiff's claims, a TRO or injunction directed at Dr. Adam . . . 900 miles away from Plaintiff's place of incarceration could not be narrowly drawn, or the least intrusive means necessary to correct any alleged violation of a constitutional right.
>
> Accordingly, Plaintiff has not satisfied his burden to demonstrate a need for a preliminary injunction or restraining order against Dr. Adam.

Dkt. 50 at 6-7.

First, the Court finds that Plaintiff's Second Request for Preliminary Injunction and TRO is procedurally deficient in that he has not provided specific facts in an affidavit or verified complaint that clearly show an immediate and irreparable harm will result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). However, even if the notice problem could be solved, Plaintiff would not be entitled to interim relief because the motion is substantively deficient.

The Court finds that Plaintiff does not demonstrate a likelihood of success on the merits and the possibility of irreparable injury without the TRO. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008). As explained above, Plaintiff is no longer incarcerated at PBSP, where Defendant is employed. As Defendant has pointed out, "Plaintiff's request for preliminary injunction and/or TRO does not indicate that [Defendant] is in any way responsible for his medical care at [RJDCF]." Dkt. 50 at 7. And, "[n]owhere does Plaintiff describe irreparable harm that might occur to him if [Defendant] is not enjoined or restrained by the Court." *Id.* The Court agrees with Defendant. After reviewing Plaintiff's nine forms of relief requested in his pending motion, the Court also comes to the same conclusion as Defendant that they all relate to current conditions of confinement at RJDCF or seek monetary damages. *See* Dkt. 37 at 9-11. As to

number 5 (listed as relief requested), which specifically relates to medical care, the Court finds that any request for *current* medical care at RJDCF cannot properly be the subject of a preliminary injunction or a TRO directed to Defendant at PBSP. Specifically, there is no showing that Defendant can or should dictate the medical care for a patient Defendant has not seen since Plaintiff was transferred out of PBSP, and there is no showing that Defendant has any control over Plaintiff's medical care at *another* prison, i.e., RJDCF. The Court will not issue a TRO that Defendant is in no position to comply with, nor will it issue a TRO against non-parties, i.e., medical staff at RJDCF. *See* Fed. R. Civ. P. 65(d)(2) (restraining order binds only the parties, their officers, agents, servants, employees, attorneys and persons in "active concert or participation with [them]"); *see generally Pride v. Correa*, 719 F.3d 1130, 1138 ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his [injunctive relief] claim is moot.") Accordingly, Plaintiff's Second Request for Preliminary Injunction and TRO is DENIED. Dkt. 37.

Also pending before the Court are: (1) Defendant's motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice (dkt. 43), (2) Defendant's motion for an extension of time to file a motion for summary judgment (dkt. 54); (3) Plaintiff's "Motion for Penal/Pecuniary Sanctions [and] Further Relief from Defendant[']s Delay and Failure to Produce Logical Reason[] of Delay/Costs" (dkt. 48); and (4) Plaintiff's motion entitled, "Motion for Judgment Upon Clear Establishment Agains[t] Defendant[] and/or Counter Summary Judgment in Full Support" (dkt. 53). The Court notes that it has already granted Defendant's previously-filed request for an extension of time to file a motion for summary judgment. *See* Dkt. 49 at 4-5. The Court has already set a briefing schedule directing Defendant to file a motion for summary judgment sixty days after the Court rules on Defendant's pending motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and dismiss the case without prejudice. *See id.* Thus, Defendant's motion for an extension of time to file a motion for summary judgment is TERMINATED as moot. Dkt. 54.

The Court will rule on the other pending motions in a separate written Order. To date, Plaintiff's "Motion for Judgment Upon Clear Establishment Agains[t] Defendant[] and/or Counter

3

Summary Judgment in Full Support" (dkt. 53) is not fully briefed as Defendant's response is due on **April 1, 2019**, and Plaintiff's reply is due **April 15, 2019**. The Court directs Defendant to also respond to Plaintiff's other pending "Motion for Penal/Pecuniary Sanctions [and] Further Relief from Defendant[']s Delay and Failure to Produce Logical Reason[] of Delay/Costs" using the aforementioned briefing schedule.

This Order terminates Docket Nos. 37 and 54.

IT IS SO ORDERED.

Dated: March 15, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge