UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E. J. MCELROY,

          Plaintiff,

    v.

NANCY ADAM,

          Defendant.

Case No. 17-cv-03348-YGR (PR)

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; GRANTING MOTION TO DISMISS; GRANTING REQUEST FOR JUDICIAL NOTICE; AND TERMINATING ALL REMAINING PENDING MOTIONS**

## I. INTRODUCTION

Plaintiff, a state prisoner and frequent litigant in federal court who is currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at two different institutions: Pelican Bay State Prison ("PBSP") and the California Health Care Facility ("CHCF"). Magistrate Judge Donna M. Ryu granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Thereafter, the action was reassigned to the undersigned judge, who dismissed all claims relating to his incarceration at CHCF without prejudice to him refiling them in a new civil rights action in the United States District Court for the Eastern District of California, dismissed as moot his claims for injunctive relief, served the claim of deliberate indifference in the complaint on Defendant, and dismissed all remaining claims.

The parties are presently before the Court on Defendant's motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 43. Defendant has also filed a Request for Judicial Notice. Dkt. 43-1. Plaintiff has filed an opposition, and Defendant has filed a reply. Dkts. 46, 47, 50. For the reasons stated below, the court GRANTS Defendant's motion to revoke Plaintiff's IFP status and to dismiss the action, GRANTS Defendant's request for judicial notice, and terminates all remaining pending motions.

## II. BACKGROUND

On June 9, 2017, Plaintiff filed his complaint, alleging constitutional violations occurring at PBSP and CHCF, where he previously was incarcerated. Plaintiff sought monetary damages

1    and injunctive relief.

2    As mentioned above, on August 23, 2017, Magistrate Judge Ryu granted Plaintiff's motion

3    for leave to proceed IFP. Dkt. 9. Thereafter, this matter was reassigned to the undersigned judge,

4    who issued an Order of Partial Dismissal and Service. Dkts. 14, 15. The following background is

5    taken from the Court's Order of Partial Dismissal and Service, which states as follows:

6          It seems that Plaintiff claims that he was not provided with adequate
           medical and dental care at PBSP, stating as follows:

7

8                Prior to [PBSP] adverse transfer (July 2016)
                 claimant was given a bonafide initial medical plan
9                that discovered several or several more painful
                 injuries and symptoms that tie in to injuries that were
10               being disregarded at PBSP. . . .

11               Being adversely transfer[ed] to [PBSP] a
                 second time didn't make any symptoms better nor
12               manageable and did cause several allergen outbreaks
                 from what the Plaintiff did have allergic reaction in
13               general . . . being more specific Plaintiff instantly
                 "suffered gum/tooth pain," inability to chew, "loud
14               funk," "ab[sc]ess ," "cavity" "infection," tongue
                 inflammation, blisters, bleeding "pustules" and
15               "painful swelling" on gums and tongue, "abdominal
                 pain," nausea, trouble swallowing, "flaring" and
16               "burning" etc. etc.

17               . . . [T]he PBSP Defendants allowed the same
                 issues to rebuild as God-awful as the[y] were . . .
18               claimant re-complained ever since, claimant wrote
                 "Employee Misconduct Complaint" directly to the
19               Chief Medical Officers at PBSP and CHCF and 1824
                 Special Accommodation request forms at least twice
20               also.

21         Dkt. 1 at 6.[1] Plaintiff has linked his claim to Defendants Adam and
           "PBSP Doe . . . D.D.S.," and the Court notes that Plaintiff refers to
22         these Defendants in one portion of the complaint as follows:

23               Not only has claimant made out several
                 grievances, he also has usually made it plain and
24               simple of his needs with 7362 request for medical
                 services at [PBSP] and at CHCF prisons to medical
25               nurses, Assistants Adam [from PBSP] and Youssef
                 [from CHCF] or B Yard CHCF Medical Doctor (to
26               no avail) to get before a bonafide dental specialist . . .
                 at PBSP between September [2015] and January

27
      _____

28         [1] Page number citations refer to those assigned by the Court's electronic case management
      filing system and not those assigned by the parties

                                          2

2016 and since July 18-22, 2016 Plaintiff has had no
real medical awareness, alerts, nor proper treatment .
. . (discriminatively) despite a bonafide medical
facility that the state department recognizes . . . has
made initial medical recommendations and
prescriptions that specifically prevent defect . . . .

The Medical ("Olsen") Record has since
been withheld from claimant/proprietor of timeliness
. . . those PBSP Defendants DDS and Does and
Dental Assistant Phang [from CHCF] have
recklessly been indifferent every time Plaintiff
brought his dental injury to their attention. . . .

*Id.* at 8. These allegations above, liberally construed, state a claim of
deliberate indifference against Defendants Adam and "PBSP Doe . . .
D.D.S."

Dkt. 15 at 4 (footnote and brackets added). In its screening order, the Court noted that Plaintiff's

complaint arose from his treatment while incarcerated PBSP and CHCF, but that Plaintiff had

been transferred to RJDCF (located in San Diego County). Upon its initial review of the

complaint, the Court dismissed as moot Plaintiff's claims for injunctive relief based on his

confinement at PSBP because Plaintiff was no longer incarcerated at PBSP. The Court found that

Plaintiff stated a cognizable claim of deliberate indifference against Defendant Adam and "PBSP

Doe . . . D.D.S." Plaintiff was given leave to identify the Doe Defendant, but to date he has not

done so. The Court had warned Plaintiff that the failure to do so would result in the dismissal of

Defendant "PBSP Doe . . . D.D.S." without prejudice to Plaintiff filing a new action against him or

her.[2] The Court also dismissed any claims against the Defendant groups of PBSP "Medical Dept.

Does and Dental Dept. CDCR Agenc[ies] contracted to provide individual[ized] effective health

care" and "7-10 Does" who are PBSP "Medical Record Analysts" (as opposed to individually

named PBSP employees). Finally, the Court dismissed Plaintiff's supervisory liability claims

against Defendant Kernan, PBSP "Chief Medical Officer Doe," and PBSP "Medical Supervisor."

As mentioned above, Defendant has filed a motion requesting for the Court to revoke

Plaintiff's IFP status under 28 U.S.C. § 1915(g) and to dismiss the instant action. Plaintiff has

filed an opposition, and Defendant has filed a reply. Dkts. 46, 47, 50.

---

[2] Because Plaintiff has not identified Defendant "PBSP Doe . . . D.D.S.", the Court
DISMISSES all claims against this Doe Defendant without prejudice to Plaintiff filing a new
action against him or her.

3

## III. DISCUSSION

### A. 28 U.S.C. § 1915

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews I* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that

4

1    allows the district court to conclude that the prisoner plaintiff has suffered at least three prior

2    dismissals that count as strikes under section 1915(g). *Id.* at 1120.  Once the defendants have met

3    this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count

4    as a strike, or why he is entitled to the imminent danger of serious physical injury exception.  *Id.*

5         A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as

6    a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at

7    the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming

8    district court's denial of IFP status and dismissing complaint without prejudice under section

9    1915(g)).

10        **B.    Plaintiff's Prior "Strikes"**

11        At the time Plaintiff was granted leave to proceed IFP, Magistrate Judge Ryu and the

12   undersigned judge was unaware of the basis of the dismissals of his cases in other districts, i.e., the

13   United States District Court for the Eastern District of California.  However, Defendant points out

14   that a review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had

15   multiple cases dismissed on the ground that they were frivolous or failed to state a claim upon

16   which relief may be granted.  This Court GRANTS Defendant's request for judicial notice of the

17   court documents provided in support of the motion to dismiss on the grounds that Plaintiff is

18   barred from proceeding IFP under 28 U.S.C. § 1915(g).[3]  Dkt. 43-1.  Defendant argues that the

19   following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *McElroy v.*

20   *Gebmeddin, et al.*, No. 1:08-cv-0124-LJO-GSA PC (E.D. Cal. Dec. 11, 2008) (dismissing

21   complaint for failure to state a claim) (Req. Judicial Not., Ex. B); (2) *McElroy v. Schultz, et al.*,

22   No. 1:08-cv-00179-OWW-MJS PC (E.D. Cal. Apr. 30, 2010) (adopting report and

23   recommendation dismissing amended complaint for failure to state a claim) (Req. Judicial Not.,

24   Ex. C); (3) *McElroy v. Cal. Dep't of Corr.*, No. 2:08-cv-00733-HWG (E.D. Cal. June 3, 2009)

25

26        [3] The district court "may take notice of proceedings in other courts, both within and
     without the federal judicial system, if those proceedings have a direct relation to matters at issue."
27   *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations
     omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which
28   plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of
     her *pro se* status).

1    (dismissing complaint for failure to state a claim upon plaintiff's failure to file a timely amended

2    complaint to cure deficiencies) (Req. Judicial Not., Ex. D); (4) *McElroy v. Institutional Head*

3    *Ground, et al.*, No. 1:13-cv-00483-MJS (E.D. Cal. Nov. 1, 2013) (dismissing amended complaint

4    for failure to state a claim) (Req. Judicial Not., Ex. E); (5) *McElroy v. CDC*, Case No. 2:15-cv-

5    02271 KJM-EFB (E.D. Cal. June 21, 2017) (adopting report and recommendation dismissing

6    complaint without prejudice) (Req. Judicial Not., Ex. F).[4]

7           Although Defendant has listed multiple dismissals, only three prior dismissals need qualify

8    under section 1915(g). This Court must review at least three dismissals to determine whether they

9    qualify as strikes under section 1915(g). *See Andrews I*, 398 F.3d at 1121. Plaintiff's dismissals

10   in Case Nos. 1:08-cv-0124-LJO-GSA PC, 1:08-cv-00179-OWW-MJS PC, 2:08-cv-00733-HWG,

11   1:13-cv-00483-MJS, and 2:15-cv-02271 KJM-EFB, which were all entered before the instant

12   action was brought by Plaintiff on June 9, 2017, may be counted as dismissals for purposes of

13   section 1915(g). As further explained below, these dismissals all qualify as "strikes" under

14   section 1915(g). *See id.*

15        **1.  Case No. 1:08-cv-0124-LJO-GSA PC – First Strike**

16          In *McElroy v. Gebmeddin, et al.*, No. 1:08-cv-0124-LJO-GSA PC, Plaintiff consented to

17   magistrate judge jurisdiction. Req. Judicial Not., Ex. B. The magistrate judge of the Eastern

18   District screened Plaintiff's complaint under 28 U.S.C. § 1915A and, on November 4, 2008,

19   issued Findings and Recommendations, in which the magistrate judge recommended that this

20   action be dismissed for failure to state a claim upon which relief may be granted. *Id.* On

21

22         [4] Defendant has also listed another case, *McElroy v. Turner, et al.*, No. 2:12-cv-01182-
23   CMK-P (E.D. Cal. Aug. 13, 2012), as one of Plaintiff's previously filed actions in the Eastern
     District. Req. Judicial Not., Ex. A. However, Defendant does not argue that this action involves a
24   dismissal that may be counted as one of the dismissals for purposes of section 1915(g). *See id.*
     Instead, Defendant has indicated that the Eastern District denied Plaintiff's application for leave to
25   proceed IFP because he had three or more prior "strikes" under 28 U.S.C. § 1915(g) and issued an
     Order to Show Cause as to why this action should not be dismissed without prejudice to refiling
26   upon pre-payment of the filing fees. Dkt. 43 at 3 (citing Req. Judicial Not., Ex. A.) Defendant
     further points out that the action was dismissed because Plaintiff did not respond to the Court's
27   Order to Show Cause. *See id.* In addition, Defendant has provided the Court with orders showing
     that Plaintiff's IFP status has previously been revoked in two actions in this District in 2016: Case
28   Nos. C 15-01599-EJD (PR) and C 15-0042-EJD (PR). *See* Req. Judicial Not., Exs. G, H.

United States District Court
Northern District of California

1    December 11, 2008, the district judge of the Eastern District issued an Order adopting in full the

2    November 4, 2008 Findings and Recommendations issued by the magistrate judge. *Id.* A search

3    of the Court's Public Access to Court Electronic Records ("PACER") system indicates that the

4    judgment was entered on December 11, 2008. Plaintiff fails to provide persuasive evidence that

5    rebuts the showing by Defendant that failure to state a claim is a qualifying reason for a strike

6    under section 1915(g). Therefore, the Court finds that Defendant has met the burden of

7    establishing that Case No. 1:08-cv-00124-LJO-GSA PC was dismissed for a qualifying reason

8    under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

9                    **2.   Case No. 1:08-cv-00179-OWW-MJS PC – Second Strike**

10        In *McElroy v. Schultz, et al.*, No. 1:08-cv-00179-OWW-MJS PC, Plaintiff consented to

11   magistrate judge jurisdiction. Req. Judicial Not., Ex. C. The magistrate judge of the Eastern

12   District screened Plaintiff's first amended complaint under 28 U.S.C. § 1915A and, on February

13   25, 2010, issued an order dismissing the first amended complaint with leave to file a second

14   amended complaint correcting certain deficiencies. *Id.* Plaintiff did not file a second amended

15   complaint. *Id.* Thus, on March 31, 2010, the magistrate judge issued Findings and

16   Recommendations, in which the magistrate judge recommended that the action be dismissed for

17   failure to state a claim upon which relief may be granted. *Id.* On April 30, 2010, the district judge

18   of the Eastern District issued an Order adopting in full the Findings and Recommendations issued

19   by the magistrate judge on March 31, 2010. *Id.* Judgment was entered on April 30, 2010. *Id.*

20   Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendant that failure to

21   state a claim is a qualifying reason for a strike under section 1915(g). Therefore, the Court finds

22   that Defendant has met the burden of establishing that Case No. 1:08-cv-00179-OWW-MJS PC

23   was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See*

24   *Andrews I*, 398 F.3d at 1120.

25                    **3.   Case No. 2:08-cv-00733-HWG – Third Strike**

26        In *McElroy v. Cal. Dep't of Corr.*, No. 2:08-cv-00733-HWG, the visiting district judge of

27   the Eastern District screened and dismissed the complaint on April 16, 2009 with leave to amend

28   to cure certain deficiencies no later than May 18, 2009. Req. Judicial Not., Ex. D. Plaintiff failed

7

1    to file an amended complaint by the deadline, and the visiting district judge dismissed the action

2    for failure to state a claim on June 3, 2009. *Id.* Judgment was entered on June 3, 2009. *Id.* As

3    mentioned, Defendant asserts that failure to state a claim is a qualifying reason for a strike under

4    section 1915(g). Again, Plaintiff did not challenge this assertion. Therefore, Defendant has met

5    the burden of establishing that Case No. 2:08-cv-00733-HWG was dismissed for a qualifying

6    reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 4.   Case No. 1:13-cv-00483-MJS – Fourth Strike

8    In *McElroy v. Institutional Head Ground, et al.*, No. 1:13-cv-00483-MJS (E.D. Cal. Nov.

9    1, 2013, Plaintiff consented to magistrate judge jurisdiction. Req. Judicial Not., Ex. E. The

10   magistrate judge of the Eastern District screened and dismissed the first amended complaint for

11   failure to state a claim upon which relief can be granted on November 1, 2013. *Id.* Judgment was

12   entered on November 1, 2013. *Id.* Again, Plaintiff did not challenge Defendant's assertion that

13   failure to state a claim is a qualifying reason for a strike under section 1915(g). Therefore,

14   Defendant has met the burden of establishing that Case No. 1:13-cv-00483-MJS was dismissed for

15   a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398

16   F.3d at 1120.

### 5.   Case No. 2:15-cv-02271 KJM-EFB – Fifth Strike

18   In *McElroy v. CDC*, Case No. 2:15-cv-02271 KJM-EFB, Plaintiff consented to magistrate

19   judge jurisdiction. Req. Judicial Not., Ex. F. The magistrate judge of the Eastern District

20   screened Plaintiff's complaint under 28 U.S.C. § 1915A and, on February 6, 2017, issued an order

21   dismissing the complaint with leave to file an amended complaint correcting certain deficiencies

22   because the complaint failed to state a claim for relief. *Id.* Even after being granted an extension

23   of time to do so, Plaintiff did not file an amended complaint. *Id.* Thus, on April 3, 2017, the

24   magistrate judge issued Findings and Recommendations, in which the magistrate recommended

25   that this action be dismissed for failure to prosecute without prejudice for failure to file an

26   amended complaint. *Id.* On June 21, 2017, the district judge of the Eastern District issued an

27   Order adopting in full the Findings and Recommendations issued by the magistrate judge on April

28   3, 2017. *Id.* A search of the Court's PACER system shows that the judgment was entered on June

8

1    21, 2017.  A dismissal for failure to prosecute an action constitutes a strike when it is based upon

2    the plaintiff's failure to file an amended complaint after the original complaint is dismissed for

3    failure to state a claim.  *See, e.g.*, *Peralta v. Martel*, 2010 WL 2629060, \*5 (E.D. Cal. 2010)

4    (dismissal for failure to prosecute without prejudice for failure to file an amended complaint

5    constituted a "strike" under section 1915(g) where it was "clear from the district court's reasoning

6    that failure to state a claim was a fully sufficient condition for dismissing" the complaint).

7    Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendant that failure to

8    state a claim is a qualifying reason for a strike under section 1915(g).  Therefore, the Court finds

9    that Defendant has met the burden of establishing that Case No. 2:15-cv-02271 KJM-EFB was

10   dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike.  *See*

11   *Andrews I*, 398 F.3d at 1120.

12        In sum, Plaintiff's five aforementioned dismissals constitute "strikes" under section

13   1915(g).  Thus, Plaintiff's IFP status must be revoked unless he can show that he is entitled to the

14   imminent danger of serious physical injury exception under section 1915(g).

15        **C.    Imminent Danger Exception**

16        A plaintiff barred from bringing an action IFP because he has three strikes may still

17   proceed without prepaying court fees if he can show he is "under imminent danger of serious

18   physical injury."  28 U.S.C. § 1915(g).  The availability of the exception turns on the "conditions a

19   prisoner faced at the time the complaint was filed, not at some earlier or later time."  *Andrews v.*

20   *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  As this is merely a "threshold

21   procedural" question, the Ninth Circuit has indicated that district courts should not conduct an

22   overly detailed inquiry into whether a particular danger is serious enough under the serious

23   physical injury prong.  *Id.* at 1055.  Rather, "the exception applies if the complaint makes a

24   plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time

25   of filing."  *Id.*  In order to satisfy the imminence prong, the prisoner must allege that the danger is

26   ongoing.  *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that

27   has injured him satisfies  ongoing danger standard and meets imminence prong of three-strike

28   exception).

9

1    A district court should liberally construe the allegations in a complaint filed by a *pro se*

2    prisoner facing a section 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir.

3    2002) (liberally construing allegations in complaint for initial determination of whether prisoner is

4    under imminent danger of serious physical injury). It is sufficient if any part of the complaint

5    plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of

6    filing. *Andrews II*, 493 F.3d at 1053.

7    Here, Plaintiff makes no plausible allegation that he faced an imminent danger of serious

8    physical injury at the time he filed his complaint. First, the Court notes that Plaintiff was no

9    longer housed at PBSP on May 31, 2017, the date he signed his complaint. *See* Dkt. 1 at 1.

10    Instead, he indicated that he had then been transferred to CHCF. *Id.* As noted earlier, the Court

11    found that Plaintiff stated one claim for relief under section 1983: a claim for deliberate

12    indifference in violation of his Eighth Amendment rights against Defendant. Dkt. 15 at 3-4. Even

13    when liberally construed, it cannot be said that Defendant's alleged deliberate indifference to

14    Plaintiff's dental needs, including chronic oral/dental problems such as cavities and inflammation

15    of the gums and tongue, while housed at PBSP placed Plaintiff under imminent danger of serious

16    physical injury at the time of filing. *See* Dkt. 1. The incidents involving Defendant alleged in

17    Plaintiff's complaint took place when he was incarcerated at PBSP from around September 2015-

18    January 2016 and in July 2016, and thus any alleged constitutional violations by Defendant ended

19    before the filing of this lawsuit in June of 2017. *See id.* at 4-10. Moreover, again, Plaintiff had

20    already been transferred to CHCF when he filed the complaint, which is a different institution

21    from PBSP—where the alleged incidents of constitutional violations occurred and where

22    Defendant is employed. *Id.* at 1. Thus, Plaintiff has not shown that he is entitled to the imminent

23    danger exception under section 1915(g) to avoid dismissal without prejudice.

24    Plaintiff's IFP status is therefore revoked. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th

25    Cir. 1998) (revoking IFP status on appeal on three strikes grounds); *Patton v. Jefferson Corr. Ctr.*,

26    136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on

27    remand that plaintiff had five prior strikes). Accordingly, the Court GRANTS Defendant's motion

28    to revoke Plaintiff's IFP status, and to dismiss the action without prejudice. Dkt. 43.

## IV. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. This Court GRANTS Defendant's request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 43-1.

2. The Court GRANTS Defendant's motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 43. Leave to proceed IFP is REVOKED, and the portion of Magistrate Judge Ryu's August 23, 2017 Order granting Plaintiff IFP status (dkt. 9) is VACATED.

3. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. *See* 28 U.S.C. § 1915(g). **If Plaintiff fails to file a motion to reopen and pay the full filing fee within the twenty-eight-day time frame, then he may pursue his claims by filing a *new* civil rights case in which he pays the full filing fee.**

4. The Court notes that the parties have filed many other pending motions, which should now be terminated. Defendant points out and the Court agrees that some of Plaintiff's motions should be terminated as redundant and unnecessary, including: (1) his recent request for a preliminary injunction and a Temporary Restraining Order ("TRO") (dkt. 56) because it seeks relief that the Court has already denied in its Order Denying Plaintiff's Second Request for Preliminary Injunction and TRO (*see* dkt. 55); and (2) his most recent request for appointment of counsel (dkt. 57) as it is duplicative of his previous similar requests, which have all been denied (*see* dkts. 9, 26, 49). All remaining pending motions (dkts. 48, 53, 58, 59, 60, 63, 64) are terminated as moot. If this action is reopened, the parties may re-file these pending motions.

5. The Clerk of the Court shall terminate all pending motions and close the case.

6. This Order terminates Docket Nos. 43, 48, 53, 56, 57, 58, 59, 60, 63, and 64.

IT IS SO ORDERED.

Dated: July 1, 2019

YVONNE GONZÁLEZ ROGERS
United States District Judge

11